UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>v.<br><br>OMAR MURILLO,<br><br>　　　　　Defendant-Petitioner. | Civil No. 12-CV-2665-L<br>Criminal No. 11-CR-5605-L<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[28 U.S.C. § 2255] |

On November 1, 2012, Petitioner Omar Murillo ("Petitioner") proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On January 4, 2013, the Government filed a Response to Petitioner's motion. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DENIES** Petitioner's motion.

## BACKGROUND

On December 8, 2011, a two-count information was filed against petitioner charging him in count one with importation of 13.14 kilograms of heroin in violation of 21 U.S.C. §§ 952, 960, and in count two with importation of 4.22 kilograms of methamphetamine in violation of 21 U.S.C. §§ 952, 960. On December 21, 2011, Petitioner pled guilty to the charges pursuant to a

written plea agreement.  Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal or to collaterally attack his conviction and sentence, unless the Court imposed a sentence in excess of the high end of the applicable guideline range, or the statutory mandatory minimum term. (Plea Agreement, Gov't Ex. 3, ¶ XI.)  On April 30, 2012, Petitioner was sentenced by this Court to 124 months followed by 5 years of supervised release.  In addition, Petitioner was assessed a $200 special assessment, $100 per count.

## ANALYSIS

As part of his plea agreement, Petitioner waived both the right to appeal and the right to collaterally attack the judgment and sentence.  A knowing and voluntary waiver of a statutory right is enforceable.  *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990).  The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

The scope of a § 2255 waiver, however, may be subject to potential limitations.  For example, a waiver might be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law.  *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997).  Additionally, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made.  *Navarro-Botello*, 912 F.2d at 321.  Finally, a waiver may not "categorically foreclose" a defendant from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver.  *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d at 1014.  Unless Petitioner can demonstrate that one of these limitations to the validity of the waiver are applicable, this Court lacks jurisdiction to consider his collateral challenge to his conviction and sentence.  *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).

The Government contends that Petitioner knowingly and voluntarily waived his right to

appeal and collateral attack.  The Court agrees and finds none of the potential limitations to the validity of the waiver are applicable in this case.

First, the sentence imposed was in accordance with the negotiated plea agreement and fell below the applicable sentencing guidelines.  Petitioner's sentence of 124 months was based on a base offense level of 38 [U.S.S.G. § 2D1.1(a)(5)], plus 2 for importation of methamphetamine [U.S.S.G. § 2D1.1.(b)(5)], minus 3 for acceptance of responsibility [U.S.S.G. § 3E1.1], and minus 4 for departure for fast track [U.S.S.G. § 5K3.1], as agreed upon by the parties.  (Plea Agreement, Gov't. Ex. 3, ¶ X.)  In the plea agreement, the Government agreed to recommend a sentence of 188 months, which was the low end of the guideline range.  (Sentencing Summary Chart, Gov't. Ex. 4, at 2.)  Despite that, the Court sentenced Petitioner to only 124 months custody, 64 months short of the Government's recommendation.

Second, the plea agreement indicates that Petitioner knowingly and voluntarily entered into the agreement, and that the requirements of Rule 11 were adhered to.  Petitioner entered a guilty plea knowingly and voluntarily, he was advised of the rights he was giving up by pleading guilty, and he was specifically advised that he was waiving his right to appeal and collateral attack.  (*See* Plea Agreement, Gov't. Ex. 3, at 6, 11-13.)  The plea agreement further reflects that Petitioner was advised of the nature of the charge to which he was pleading guilty, the maximum possible penalty, and the Court's obligations with regard to the Sentencing Guidelines.  (*Id.* at 3-4, 8-10)  Petitioner affirmed that he was pleading guilty of his own free will and that he was, in fact, guilty as charged.  (*Id*. at 6).  Petitioner also affirmed that he was satisfied with the services of his counsel.  (*Id*. ¶ XVI).

Finally, the Court finds that Petitioner's claim of ineffective assistance of counsel does not invalidate his waiver in this case.  "A claim of ineffective assistance [of counsel] may be used to attack the voluntariness and hence the validity of a guilty plea."  *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990); *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).  To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The limitation against waivers is applicable to claims

"based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F.3d at 433. In the context of guilty pleas, to satisfy the "prejudice" requirement "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed by defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland*. *See, e.g., People of Territory of Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984) ("A tactical decision by counsel with which defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel.").

Petitioner argues that defense counsel's performance was deficient because he never received a copy of the indictment. (Motion under 28 U.S.C. § 2255, Doc. 48, at 5.) Such a claim is without merit. Petitioner was never indicted. Petitioner in fact waived his right to indictment, and instead pleaded guilty to an information. (*See* Plea Agreement, Gov't Ex. 3, ¶ 1; *See also* Information, Gov't Ex. 2). If what Petitioner was attempting to allege was a failure to receive a copy of the information, Petitioner has still failed to show prejudice, especially in light of the fact that an exact copy of the information was included in the plea agreement signed by Petitioner. (Plea Agreement, Gov't Ex. 3, ¶ 1.) Petitioner goes on to further allege that he was persuaded by defense counsel through a coerced confession to plead guilty, and that he signed unknown sentencing documents without being informed of their possible negative outcome. (Motion under 28 U.S.C. § 2255, Doc. 48, at 5.) Petitioner provides no factual support for either of these claims. In fact, Petitioner did well in the sentencing proceedings, having received a sentence 64 months short of the Government's recommendation, indicating that he likely benefitted from any documents he signed. In addition to a lack of factual support for any of Petitioner's claims, Petitioner has failed to show any prejudice, as is necessary to prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 687.

//

Petitioner further argues that defense counsel forced him to sign documents prior to his sentencing hearing. (Motion under 28 U.S.C. § 2255, Doc. 48, at 6.) Petitioner fails, however, to point to any specific documents, or give any details as to prejudice. If Petitioner is referring to the plea agreement, Petitioner's claim would be rebutted by the express admission in the agreement that he was signing it voluntarily and without coercion. (Plea Agreement, Gov't Ex. 3, ¶ VI.)

Finally, Petitioner argues that he did not have access to legal research because he was in custody. This argument is without merit. Petitioner was represented by experienced counsel, and there is a presumption that "counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner's limited access to legal research is not relevant in establishing his claim of ineffective assistance of counsel, and is not grounds on which to support his § 2255 motion.

The Court finds that none of the recognized limitations to a defendant's waiver of the right to bring a § 2255 motion are present in this case. Accordingly, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

## EVIDENTIARY HEARING

The court is not required to hold an evidentiary hearing when ruling on § 2255 motions. 28 U.S.C. § 2255; *Shah v. United States*, 878 F.2d 1156, 1159-60 (9th Cir. 1989). Section 2255 allows courts to forego such a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Racich*, 35 F.Supp. 2d 1206, 1221 (S.D. Cal. 1990). The Court finds an evidentiary hearing is not required in this matter because the records conclusively demonstrate Petitioner is not entitled to relief.

//
//
//
//
//

**CONCLUSION**

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter and his ineffective assistance of counsel claim lacks merit. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: October 27, 2014

M. James Lorenz
United States District Court Judge